***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission AFFIRMS the Decision and Order of Deputy Commissioner Holmes with minor modifications.
 ***********
The pleadings and evidence at trial establish one:
 ISSUE *Page 2 
Whether Defendant's employees were negligent in failing to inspect and correct a defectively mounted window screen that fell upon Plaintiff's head on January 28, 2004, resulting in bodily injury?
 ***********
The competent evidence adduced at hearing engenders the following:
 FINDINGS OF FACT
1. Plaintiff Derwin S. Pope, a prison inmate in the custody of Defendant North Carolina Department of Correction, initiated this civil action on September 17, 2004 by filing a Tort Claim Affidavit alleging that he was struck in the head by a falling window screen in the dining hall at Wayne Correctional Center on January 28, 2004 due to the negligence of employee(s) of Defendant at the facility, which negligence proximately caused severe injury to Plaintiff's head. In his Affidavit, Plaintiff named the allegedly negligent employee(s) as "Carla E. Okonek — Superintendent: Wayne, et al."
2. Plaintiff asserts a claim for negligent supervision by Superintendent Okonek, but Plaintiff did not produce any evidence of negligent supervision of any employee. No other employees have been identified in the record whose acts or omissions could have proximately caused Plaintiff's alleged injury.
3. There is no competent evidence on the record to support a finding that the only employee named in his Affidavit, Superintendent Okonek, was negligent in causing Plaintiff's injury.
4. Having carefully reviewed the record, Plaintiff has offered no evidence of the schedule of inspections of this penal facility or any evidence to establish that employees of the Defendant knew or should have known of the alleged defective condition of the window screen. *Page 3 
5. Although Plaintiff appeared to have asserted, additionally, a cause of action for medical malpractice against medical personnel employed by Defendant, this theory of negligence was not pursued at trial. Nor did Plaintiff admit the testimony of any medical expert witnesses to prove that the medical treatment he received fell below the reasonable standard of medical care. N.C. Gen. Stat. §§ 90-21.11,-21.1, 8C-1, Rule 702 (2007).
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State, "under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina." Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. Plaintiff bears the burden of proving by a preponderance of the evidence the existence of the elements of common law negligence: that the Defendant, through an officer, employee, involuntary servant, or agent, breached a duty owed to the plaintiff, and that the plaintiff suffered an injury which was proximately caused by this breach of duty. Hairston v. AlexanderTank Equip. Co., 310 N.C. 227, 232, 311 S.E.2d 559, 564 (1984). "It isn't enough to say that some employee's negligence caused the injury. The claim and the evidence must identify the employee and set forth his act or acts of negligence which are relied upon."Floyd v. N.C. State Highway Pub. Works Comm'n,241 N.C. 461, 464, 85 S.E.2d 703, 705 (1955). *Page 4 
3. Plaintiff has failed to prove by a preponderance of the evidence that any named employee breached a duty of reasonable care that proximately caused Plaintiff injury. N.C. Gen. Stat. § 143-291(a).
4. With respect to any cause of action for medical malpractice, Plaintiff has failed to meet his requisite burden of proving that any medical personnel employed by Defendant breached a duty owed in furnishing or failing to furnish medical treatment to him, at least in part because no testimony was admitted pursuant to North Carolina Evidentiary Rule 702 with respect to the appropriate standard of medical care under N.C. Gen. Stat. §§ 90-21.11 to-21.12. Accordingly, Plaintiff's claim should be dismissed.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim of alleged negligence for personal injury from being struck by a defectively attached window screen must be and is hereby DISMISSED WITH PREJUDICE.
2. Plaintiff's apparent claim for medical negligence must be and is hereby DISMISSED WITH PREJUDICE.
3. No costs are taxed as Plaintiff was permitted to file this action in forma pauperis.
This the __ day of January, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING: *Page 5 
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1